UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DETRICK CURTIS CONERLY,<br>MICHAEL AARON BONNER,<br>JOHN MENO CRUZ,<br><br>        Plaintiffs,<br><br>        v.<br><br>TOM WOLF,<br>MS. KATHLEEN KANE,<br>PARAN LLP,<br><br>        Defendants. | No. 1:17-mc-00019-TWP-MJD |

**Entry Dismissing Miscellaneous Case and Directing Entry of Final Judgment**

For the reasons explained below, this miscellaneous action to register a foreign judgment is dismissed for lack of jurisdiction. In the absence of jurisdiction there is nothing to do but announce this fact and close the case. Accordingly all pending motions are **denied** as moot.

**Background**

Plaintiffs Detrick Curtis Conerly, Michael Aaron Bonner, and John Meno Cruz (collectively "Plaintiffs") are Idaho state prisoners. They seek to register a foreign judgment purportedly issued by the Court of Common Pleas of Westmoreland County, Pennsylvania, against Defendants Tom Wolf, Ms. Kathleen Kane and Paran LLP. Plaintiffs seek to obtain "full faith and credit" for the Westmoreland County Judgment in this Court. Plaintiffs state that "[t]he reason for the registration is because there is an absence of assets in the rendering county court. It is believed that Paran LLP may have some assets in the Southern District of Indiana." (Dkt. 1 at page 2.)

1

This Court has not been able to identify a certified copy of the judgment in the blizzard of papers the plaintiffs have submitted. The plaintiffs have submitted a document captioned for the Court of Common Pleas of Westmoreland County, Pennsylvania which reads:

> **NOTICE OF THE ENTRY OF JUDGMENT on the 2ND day of SEPTEMBER, 2016 in the amount of $138.00 in the above captioned action.**
>
> Christine O'Brien
> Prothonotary
>
> **THIS IS A NOTICE ONLY!**

*See* Dkt. 1-5 at p 12. In addition, the Plaintiffs have submitted a subsequent Order of Court which reflects that on October 31, 2016, the Plaintiffs decided that they only wished to pursue this action against Paran LLP and that there was no objection to dismissing Tom Wolf and Kathleen Kane from the state case as defendants. However, no amended judgment issued by the state court was submitted.

If these documents are pieced together, it appears that the plaintiffs have filed this action in the hopes of enforcing a judgment against Paran LLP in the amount of $138.00. Defendant Paran LLP allegedly has its headquarters at 2127 S. Helen Street Boise, Idaho, 83705. Dkt. 6-1 at p. 8. It also has a last known address of Paran LLP, 536 Franklin St. 1F, Reading PA, 19602. Dkt. 12 at p. 5.

The plaintiffs' intentions, however, go beyond a $138.00 debt. Instead they state that the judgment also includes a statement that they are "sovereign," such that "no one can obtain subject matter jurisdiction over John Meno Cru[z], Michael Aaron Bonner, and Detrick Curtis Conerly

2

without their expressed consent. Anyone who restricts his liberty will be charged twenty five thousand dollars U.S. (lawful money) for every twenty three minutes of restriction of liberty in any form." *See* dkt. 6 at p. 2. No such language in a state court issued judgment was identified. In addition, the theory that the plaintiffs' custodians could be liable for the plaintiffs continued incarceration based on a Pennsylvania state court judgment against Paran LLP is unclear.

In any event, the Entry of September 11, 2017, instructed Plaintiffs that "to obtain the registration of a foreign judgment sought by the plaintiffs, they must show that the underlying claim is one over which a federal court would have jurisdiction." *GE Betz, Inc. v. Zee Co.*, 718 F.3d 615, 624-25 (7th Cir. 2013). The Plaintiffs were given a period of time in which to identify the basis on which this federal court would have jurisdiction over the cause of action asserted in their complaint brought in *Bonner, et al., v. PARAN LLP, et al.,* No. 4329 JU 2016 in the Court of Common Pleas of Westmoreland County, Pennsylvania. What followed was more than 600 pages of documentation that included various assertions of fact or law. Those papers reflect that the underlying state court action was frivolous and include the following assertions.

1.  The papers reflect an attempt to change the defendant from PARAN LLP to the State of Idaho and its counties. *See e.g.*, Dkt. 13.

2.  There is a motion to join Michael Griffith because he "has a similar judgment from the Court of Common Pleas Westmoreland County PA that states that he is sovereign and not a person" and "his liberty is also being restricted by the Defendant(s)." Dkt. 8 at 2.

3.  There is a request for emergency hearing based on the fact that the statutes the plaintiffs were convicted under use the term "person." Dkt. 9 at 3.

4.  The plaintiffs suggest that jurisdiction is proper because criminal judgments have been issued against them. Dkt. 12 at 2. As noted earlier, in their words:

> The Plaintiff(s) in this case are challenging subject-matter jurisdiction in the aformentioned cases based on exhibit 2. Exhibit 2 is a state court judgment from Westmoreland County P.A. case no. 4329 JU 2016 that in part states clearly (among other things) that Michael Aaron Bonner, Detrick Curtis Conerly, and John Meno Cruz (A.K.A. John Cruz Meno, A.K.A. John Meno Cruise) are Sovereign. They are not a 'Person' and statutes employing the word are ordinarily meant to exclude the sovereign. Therefore, no one can obtain subject-matter jurisdiction over John Meno Cruise, Michael Aaron Bonner, and Detrick Curtis Conerly without their expressed consent. Anyone who restricts his liberty will be charged twenty-five thousand dollars U.S. (lawful Money) for every twenty three minutes of restriction of liberty in any form.

Dkt. 12 at p. 3.

    5.       The Plaintiffs argue that the Pennsylvania state court judgment can be enforced against a nonparty such as the State of Idaho. *See* 12 at 10.

    6.  The Plaintiffs state that they are seeking to register the state judgment under 28 U.S.C. § 1738 and not 28 U.S.C. § 1963. They argue this is important because § 1738 does not have jurisdictional requirements. The Plaintiffs state that they are using this foreign judgment to prove that the underlying criminal cases they were convicted of are void and that their civil rights have been violated under the Fifth, Eighth, and Fourteenth Amendments. Dkt. 28 at p. 2.

7. The money damages at issue are described. The Plaintiffs argue:

> As a result of the unlawful restriction of the Plaintiff(s)' liberty by the State of Idaho, and by the federal D.O.J. for violations of their 5th and 14th Amendment rights which resulted in a series of 8th Amendment violations of their civil rights, as well as their pain, suffering, financial loss, and mental anguish the Plaintiff(s) seek the following amounts against the Defendant(s); Michael Griffith in the amount of $1,514,920,000.00 against Ada and Valley County. Michael Aaron Bonner in the amount of $1,381,895,000.00 against Canyon and Ada County. John Meno Cruz in the amount of $1,381,895,000.00 against Ada County. Detrick Curtis Conerly in the amount of $1,239,480,000.00 against Ada County. Also Mr. Conerly is seeking $13,195,000.00 against the federal D.O.J.. The Plaintiff(s) seek these amounts against the aforementioned Defendant(s) in real money (U.S.).

Dkt. 12 at 10.

8. Portions of the Plaintiffs' criminal records are included. *See* dkt. 12.

**Discussion**

"Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Id.* at 514. The Supreme Court has explained:

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction, § 1332 for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. *See Bell v. Hood*, 327 U.S. 678, 681–685, 66 S.Ct. 773, 90 L.Ed. 939 (1946). She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. See § 1332(a).

*Id.* at 513 (internal footnote omitted).

Further, the Court of Appeals has repeatedly held that "the party invoking federal jurisdiction bears the burden of demonstrating its existence." *See Hart v. FedEx Ground Pkg. Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006). The plaintiffs' argument that the matter can be heard under 28 U.S.C. § 1331 and 28 U.S.C. § 1367 is rejected. Dkt 9 at p. 1.

Here, there is no allegation of conduct which could support the existence of federal question jurisdiction. *See Williams v. Aztar Ind. Gaming Corp.*, 351 F.3d 294, 298 (7th Cir. 2003) (explaining federal courts may exercise federal-question jurisdiction when a plaintiff's right to relief is created by or depends on a federal statute or constitutional provision. Even assuming that the plaintiffs are attempting to enforce the state court judgment pursuant to the Full Faith and Credit Clause of the United States Constitution or its codified brethren, 28 U.S.C. § 1738, neither supplies a basis for federal question jurisdiction. *See Adar v. Smith*, 639 F.3d 146, 157 (5th Cir. 2011) (noting that suing under the Full Faith and Credit Clause does not confer federal question jurisdiction); *Miccosukee Tribe of Indians of Fla. v. Kraus-Anderson Constr. Co.*, 607 F.3d 1268, 1276 (11th Cir. 2010) ("[I]t is long established that § 1738 does not, standing alone, confer jurisdiction on a federal district court to domesticate a judgment rendered by a court of another jurisdiction."). Second, even if the plaintiffs are suing under 28 U.S.C. § 1963—a statute that the Seventh Circuit has interpreted as allowing a federal court to register a state court judgment, thereby effectively adopting it as its own order—it requires an independent basis for jurisdiction, which is not present here. *See GE Betz, Inc. v. Zee Co., Inc.*, 718 F.3d 615, 625 (7th Cir. 2013) (holding that § 1963 allows a federal court to "register" a state court judgment but noting that the case must still satisfy the diversity requirements of 28 U.S.C. § 1332).

In the absence of subject matter jurisdiction, the Plaintiffs may not rely on the court's supplemental jurisdiction to entertain additional claims. See 42 U.S.C. § 1367(c)(3); *Hagans v.*

6

*Lavine*, 415 U.S. 528, 536-37 (1974); *In re African-Am. Slave Descendants Litig.*, 471 F.3d 754,757-58 (7th Cir. 2006).

In addition, this Court does not have diversity jurisdiction. *See Denlinger v. Brennan*, 87 F.3d 214, 217 (7th Cir. 1996) (holding that failure to include allegations of citizenship requires dismissal of complaint based on diversity jurisdiction). This is because a district court cannot exercise diversity jurisdiction if the plaintiff shares the same state citizenship as any one of the defendants. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992) (*citing Strawbridge v. Curtiss*, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806)); *see also Hart v. FedEx Ground Package Sys. Inc.,* 457 F.3d 675, 676 (7th Cir. 2006). The Plaintiffs in this action are prisoners in Idaho. The Defendant Paran LLP is reportedly headquartered in Idaho. Not only is complete diversity missing, the amount in controversy is $138.00, which is well below the $75,000 threshold. Although Plaintiffs argue that their nonparty custodians owe them much more than $75,000, these nonparties cannot be joined in this miscellaneous case which was filed in an attempt to register a foreign judgment.

In any event, none of the parties appear to have a connection to Indiana, therefore venue is also lacking.

This action is **dismissed for lack of jurisdiction.** This is the same conclusion reached by the Southern District of Illinois (4:16-mc-0004-JPG) and is consistent with the Magistrate Judge's Report and Recommendation in the Western District of Washington (3:17-cv-5708-BHS-JRC) where the Plaintiffs filed similar claims. *See* Opinions attached to this Entry.

If the Plaintiffs wanted to file a civil rights action or a petition for writ of habeas corpus against their custodians, they could have done so (although the Southern District of Indiana would

7

not have been the appropriate venue for such claims). Instead, they filed a miscellaneous case to register a foreign judgment in a court which lacks jurisdiction.

## Conclusion

This action is dismissed for lack of jurisdiction. All pending motions, dkt [8], [9], [12], [16], [20], [21], and [26], are **denied as moot.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/27/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DETRICK CURTIS CONERLY
117510
ISCC
P.O. BOX 70010
BOISE, ID 83707

MICHAEL AARON BONNER
107207
SOUTH IDAHO CORRECTIONAL INSTITUTION NORTH DORM
P.O. BOX 8509
BOISE, ID 83707

JOHN MENO CRUZ
113014
IDAHO STATE CORRECTIONAL INSTITUTE UNIT 15
P.O. BOX 14
BOISE, ID 83707
PRO SE